IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ROLAND T. ROSS, *et al.*, § | | |
|     Plaintiffs, § | | |
| § | | |
| v. § | | CIVIL ACTION NO. H-03-0126 |
| § | | |
| THE CITY OF HOUSTON *et al.*, § | | |
|     Defendants. § | | |

**MEMORANDUM AND ORDER**

This civil rights case is before the Court on Plaintiffs' Motion for Continuance [Doc. # 67]. Defendants City of Houston and C.O. Bradford filed a Response [Doc. # 73] in opposition to Plaintiffs' Motion, and Plaintiffs filed a timely Reply [Doc. # 74]. In the interests of justice, the Court will permit Plaintiffs to depose Assistant Chief of Police M. W. Thaler and will grant Plaintiffs' Motion for Continuance as set forth herein.

Pursuant to Rule 56(f) of the Federal Rules of Civil Procedure, Plaintiffs seek additional time to respond to Defendants' Motion for Summary Judgment in order to take the deposition of Assistant Chief Thaler. Rule 56(f) permits a district court to delay consideration of a motion for summary judgment pending additional discovery. FED. R. CIV. P. 56(f); *Krim v. BancTexas Group, Inc.,* 989 F.2d 1435, 1441 (5th Cir. 1993). "In order to obtain a continuance of a motion for summary judgment for discovery purposes, a party must set forth some statement to the court indicating why additional discovery is necessary and 'how additional discovery will create a genuine issue of material fact.'" *Canady v. Bossier Parish School Bd.*, 240 F.3d 437, 445 (5th Cir. 2001) (citing *Leatherman v. Tarrant*

*County Narcotics Intelligence and Coordination Unit*, 28 F.3d 1388, 1395 (5th Cir. 1994)). Rule 56(f) motions are generally favored and should be liberally granted. *Beattie v. Madison County School Dist.*, 254 F.3d 595, 606 (5th Cir. 2001) (citing *Stearns Airport Equip. Co., Inc. v. FMC Corp.,* 170 F.3d 518, 535 (5th Cir. 1999)).

In this case, Plaintiffs deposed Chief of Police Bradford, who testified that he was out of town when Plaintiffs were arrested and that Assistant Chief Thaler was Acting Chief of Police during that time. Plaintiffs argue that they were surprised by Defendants' Motion for Summary Judgment on municipal liability and that, now faced with the municipal liability issue, they need to depose Assistant Chief Thaler. Defendants respond that Plaintiffs had notice that the municipal liability issue would be included in the Motion for Summary Judgment and that Assistant Chief Thaler has indicated that he had no prior knowledge of or involvement in the arrests at issue.

Although Plaintiffs' claim of surprise is unpersuasive and unsupported by the record, the Court concludes that the interests of justice favor permitting Plaintiffs to depose Assistant Chief Thaler. Although there are indications in the record that Assistant Chief Thaler maintains that he has no personal knowledge of the incident in question, Plaintiffs are entitled to question Assistant Chief Thaler on that issue. Accordingly, it is hereby

**ORDERED** that Plaintiffs' Motion for Continuance [Doc. # 67] is **GRANTED** to the extent that Plaintiffs may, within thirty (30) calendar days following the entry of this Memorandum and Order, depose Assistant Chief Thaler for a period of time not to exceed

two (2) hours.[1] Plaintiffs must file their response in opposition to Defendants' Motion for Summary Judgement within thirty (30) calendar days after Assistant Chief Thaler is deposed.

SIGNED at Houston, Texas this **18th** day of **April, 2005.**

_____
Nancy F. Atlas
United States District Judge

---

[1] Plaintiffs filed an identical Rule 56(f) motion in companion cases *Cory, et al., v. City of Houston, et al.*, Civil Action No. H-03-0125 and *Daniel Veach, et al. v. City of Houston, et al.*, Civil Action No. H-04-3239. The two-hour time limit is a combined time for all three cases, not a separate two-hour limit for each case.