IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BRANDI RATLIFF, *et al.*, | § | |
|     Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-02-3809 |
| | § | |
| THE CITY OF HOUSTON, *et al.*, | § | |
|     Defendants. | § | |

---

| | | |
|---|---|---|
| CHAD CORY, *et al.*, | § | |
|     Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-03-0125 |
| | § | |
| THE CITY OF HOUSTON, *et al.*, | § | |
|     Defendants. | § | |

---

| | | |
|---|---|---|
| CORI LOPEZ, *et al.*, | § | |
|     Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-03-2297 |
| | § | |
| THE CITY OF HOUSTON, *et al.*, | § | |
|     Defendants. | § | |

---

| | | |
|---|---|---|
| SARAH SPONSEL, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-04-1542 |
| | § | |
| THE CITY OF HOUSTON, *et al.*, | § | |
|     Defendants. | § | |

---

**<u>MEMORANDUM AND ORDER ON EXPERT ASHLEY'S TESTIMONY</u>**

| | | |
|---|---|---|
| EMILY DEMMLER, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-04-1543 |
| | § | |
| THE CITY OF HOUSTON, *et al.*, | § | |
|     Defendants. | § | |
| ------------------------------------------------------ | | |
| WILLIAM THOMAS GILMORE, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-04-1544 |
| | § | |
| THE CITY OF HOUSTON, *et al.*, | § | |
|     Defendants. | § | |
| ------------------------------------------------------ | | |
| LESLIE RICHIE, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-04-1545 |
| | § | |
| THE CITY OF HOUSTON, *et al.*, | § | |
|     Defendants. | § | |
| ------------------------------------------------------ | | |
| EDGAR COELLO, *et al.*, | § | |
|     Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-04-3221 |
| | § | |
| THE CITY OF HOUSTON, *et al.*, | § | |
|     Defendants. | § | |
| ------------------------------------------------------ | | |

## **MEMORANDUM AND ORDER ON EXPERT ASHLEY'S TESTIMONY**

| | |
|---|---|
| DANIEL VEACH, *et al.*, § <br> Plaintiffs, § <br> § <br> v. § <br> § <br> THE CITY OF HOUSTON, *et al.*, § <br> Defendants. § | CIVIL ACTION NO. H-04-3239 |

---

| | |
|---|---|
| ROLAND T. ROSS, *et al.*, § <br> Plaintiffs, § <br> § <br> v. § <br> § <br> THE CITY OF HOUSTON, *et al.*, § <br> Defendants. § | CIVIL ACTION NO. H-03-0126 |

## **MEMORANDUM AND ORDER ON EXPERT ASHLEY'S TESTIMONY**

Defendants in these civil rights cases have filed Motions to Strike Certain Opinions of Plaintiffs' Expert Steven D. Ashley [*Lopez* Doc. # 129; *Ratliff* Doc. # 85; *Cory* Doc. # 81; *Sponsel* Doc. #23; *Demmler* Doc # 27; *Gilmore* Doc. # 29; *Richie* Doc. # 27; *Coello* Doc. # 40; *Veach* Doc. # 17] ("Defendants' Motion"). In each case, Defendants repeat or incorporate by reference the substance of their Motion filed in *Lopez, et al. v. The City of Houston, et al.,* Case No. 03-2297 ("*Lopez*"). Plaintiffs responded to Defendants' Motion, by relying on the *Lopez* Plaintiffs' Response to Defendants' Motion to Strike [*Lopez* Doc. # 143]. Defendants filed a reply in *Lopez* [*Lopez* Doc. # 148]. Defendants' Motion is ripe for decision in each of these cases. The Court has considered carefully the parties' briefing as applied to Plaintiffs' claims in each case. The Court concludes that Ashley's opinions, by and large, are not presented in a form susceptible to definitive evidentiary rulings. Defendants' Motion and the Court's own close review of the record in each case reveal

significant questions about the admissibility of Ashley's opinions.

Ashley has issued a five-page report containing essentially six opinions strongly critical of HPD's conduct. *See* Letter from Steven D. Ashley to Olney Wallis dated April 26, 2004, at 1-2. These opinions primarily focus on HPD's conduct in making arrests and detaining persons in the course of Operation ERACER, an anti-street racing initiative. Ashley also opines about HPD officers' alleged uses of excessive force and the alleged failure of the "command staff" and others to properly supervise the line officers.

Ashley states generally that he bases his six opinions collectively on eighteen observations that he purports to derive from the discovery in this and related cases, as well as the materials gathered in the HPD Internal Affairs Department's ("IAD's") investigation of the events in issue.[1] Ashley also states that he relies on a list of approximately twenty documents (including potentially reliable sources such as the IAD report and various clearly pertinent HPD internal memoranda, but also on questionable sources such as newspaper accounts of the Operation ERACER arrests), a vague reference to a discussion held with Plaintiffs' counsel (in which he allegedly was directed to unspecified "pertinent Texas statutes"), Ashley's own training and experience, his prior consulting experience (such as reviews of police departments' manuals and procedures),[2] and the fact that he holds two masters degrees relating to criminal justice management. Ashley claims to have relied on

---

[1]   Some of the purported "bases" for Ashley's six primary opinions are other opinions by Ashley concerning his interpretation of the events reported to him and the materials he claims to have reviewed, which latter opinions are not tied to the record or law enforcement theories.

[2]   The value of an expert's own paid consulting work is unclear.

depositions of various HPD actors, but admits that he has read parts—but not all—of the key depositions.

Plaintiffs have the burden to demonstrate that Ashley has expertise and specialized knowledge about on the subjects on which he opines. Plaintiffs also must show that Ashley's opinions are admissible as "relevant" and "reliable." Under the Federal Rules of Evidence, "a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify . . . in the form of an opinion or otherwise." FED. R. EVID. 702.[3]  The trial judge accordingly must determine as an initial matter whether the proffered witness is qualified to give the expert opinion he seeks to express. *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 156-57 (1999). In other words, the Court must assess also "whether this particular expert ha[s] sufficient specialized knowledge to assist the jurors in deciding the particular issues in this case." *See Tanner v. Westbrook*, 174 F.3d 542, 548 (5th Cir. 1999) (quoting *Kumho Tire Co.*, 526 U.S. at 156); *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 589 (1993).

The district judge must pre-screen each of the expert witness's proffered opinions to ensure that it complies with other requirements of Rule 702 of the Federal Rules of

---

[3] Rule 702 of the Federal Rules of Evidence, as effective since December 1, 2000 provides:

> If scientific, technical or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods; and (3) the witness has applied the principles and methods reliably to the facts of the case.

Evidence. *See Daubert,* 509 U.S. at 592-93. Expert testimony is admissible only (1) if it qualifies as scientific, technical or other specialized knowledge and (2) if it will assist the trier of fact to understand the evidence or resolve a disputed factual issue. *Kumho Tire Co.*, 526 U.S. at 147; *Daubert*, 509 U.S. at 589; *Pipitone v. Biomatrix*, 288 F.3d 239, 243-44 (5th Cir. 2002); *Watkins v. Telsmith, Inc.*, 121 F.3d 984, 989 (5th Cir. 1997). In other words, the testimony must be reliable and relevant. *Pipitone*, 288 F.3d at 244-45; *Rodriguez v. Riddell Sports, Inc.*, 242 F.3d 567, 580-81 (5th Cir. 2001); *Tanner*, 174 F.3d at 546. Reliability need not be certain, but must be demonstrated by evidence that knowledge is more than speculation. *Daubert*, 509 U.S. at 590.

The Court must consider (1) the validity of the scientific principles used; (2) the accuracy of the data relied upon by the expert; and (3) the correctness of the application of the scientific principles to the relevant data. *See Watkins*, 121 F.3d at 989; *Marcel v. Placid Oil Co.*, 11 F.3d 563, 567 (5th Cir. 1994). *Daubert* established four factors to be considered in determining the reliability of proffered scientific evidence: (1) whether the theory or procedure has been subjected to testing; (2) whether it has been subjected to peer review and publication; (3) the rate of error and the existence of standards controlling the theory or procedure; and (4) whether it has attained general acceptance. *Watkins*, 121 F.3d at 989; *Pipitone*, 288 F.3d at 244. In resolving the admissibility and reliability of such testimony, the court must apply a "flexible" approach. *Id.* Generally, the court should "decide whether the factors mentioned in *Daubert* are appropriate, and then ascertain if other factors should be considered. *Black v. Food Lion*, 171 F.3d 308, 311-12 (5th Cir. 1999).

The purpose of the gate-keeping function of the court is to make sure that an expert "employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field" regardless of whether his testimony rests on personal experience or specialized studies. *Id.* at 152. The Court "must ensure [that] the expert uses reliable methods to reach his opinions; and [that] those opinions [are] relevant to the facts of the case." *Guy v. Crown Equipment Corp.*, 394 F.3d 320, 325 (5th Cir. 2004). The Supreme Court has reiterated that the expert's self-proclaimed accuracy is insufficient: "[N]othing in either *Daubert* or the Federal Rules of Evidence requires a district court to admit opinion evidence that is connected to existing data only by the *ipse dixit* of the expert." *Kumho Tire Co.,* 526 U.S. at 157 (citing *General Elec. Co. v. Joiner,* 522 U.S. 136, 146 (1997)).

The court has latitude in the method it chooses to decide whether an expert's testimony is reliable. *Id.* at 152. "Thus, whether *Daubert*'s specific factors are, or are not, reasonable measures of reliability in a particular case is a matter that the law grants the trial judge broad latitude to determine." *Id.* at 153.

The Court's substantive rulings issued July 25-27, 2005 on Defendants' Motions for Summary Judgment make many of Ashley's opinions irrelevant. It is not clear which of Ashley's opinions Plaintiffs actually will seek to offer at trial. Moreover, Plaintiffs do not articulate the purpose for which they offer each of Ashley's opinions. While the Court can surmise to some degree what Plaintiffs may intend, the burden is on the parties to state explicitly the relevance and materiality of the evidence they seek to introduce at trial.

Plaintiffs have not shown Ashley's opinions to be admissible. Ashley's opinions are extremely general[4] and he provides no particularized support or citation for any single opinion. Indeed, Ashley provides no reasoning or specific references to facts in the record for any individual opinion rendered. The "kitchen-sink approach" Ashley has utilized in his report as the putative bases for his opinions and his general reliance on a list of materials will not satisfy this burden.

Some of Ashley's opinions as now phrased raise other evidentiary problems. Some are mere argument, containing hyperbole and few details, and thus would not assist the jury in understanding the evidence. To some extent, Ashley parrots catch phrases from legal tests Plaintiffs must meet to satisfy their burdens on the Fourth Amendment and failure to supervise claims. Ashley has not, however, demonstrated a working knowledge of the meaning of the phrases he adopts.[5]

Nevertheless, the Court cannot say that the core of certain of Ashley's opinions, pruned down to statements tied to specific facts shown to be present in this case, may not be admissible. The Court simply rules that at this time Plaintiffs have not met their burden to

---

[4]  Some of Ashley's references are to vague concepts such as "[t]he formulation of both written and unwritten custom, policy and practices which allowed these events to occur in the way they did," Ashley Report, at 3, and rules of the HPD that were repealed before the events in issue, *see id.* He relies on grounds that are entirely vague and/or lack support in the record, such as reference to "[t]he policy regarding use of trespass affidavits." *Id.*

[5]  Ashley may not give legal opinions. *See United States v. $9,041,598.68 (Nine Million Forty One Thousand Five Hundred)*, 163 F.3d 238, 254-55 (5th Cir. 1998) ("Rule 704 does not allow an expert to render conclusions of law." (citing *See Snap-Drape, Inc. v. Comm'r of Internal Revenue,* 98 F.3d 194 (5th Cir.1996))).

demonstrate the reliability or relevance of Ashley's current overbroad and undifferentiated opinions.

The interests of justice dictate that Plaintiffs and Ashley be given an opportunity to clarify exactly what opinions from Ashley's report Plaintiffs seek to introduce in light of the rulings in the Court's Memoranda and Orders on Defendants' summary judgment motions issued in these cases.[6] Plaintiffs will be required to demonstrate Ashley's factual and law enforcement policy support for each of his opinions.

Accordingly, if Plaintiffs choose to rely on any of Ashley's opinions, each opinion must first be clarified in a supplemental expert report.[7] Prior to trial, the Court will conduct an evidentiary hearing out of the presence of the jury (*see* FED. R. EV. 104) to determine:

(i) whether Plaintiffs meet their burden to demonstrate that Ashley has the necessary qualifications to opine on the specific topics Plaintiffs offer,[8] and

(ii) whether if the specific expert opinions Plaintiffs proffer are relevant and reliable in that they are:

(a) grounded in sufficient facts pertinent to the issues in this case, and

---

[6] Ashley may not devise new opinions, but may explain more precisely the opinions he already has rendered.

[7] If requested, the Court will grant Defendants an opportunity to re-depose Ashley on his revised opinions.

[8] Ashley's extensive lists of lectures, work, and certifications are potentially significant, but do not in and of themselves establish his expertise on the precise subjects on which he opines. Plaintiffs must show that his expertise is truly relevant to the opinions they offer. Much of his experience appears to be on use of weapons' safety and use of force procedures, subjects that are no longer the focus of this case.

    (b)  developed using recognized methodology and founded on recognized law enforcement principles.

To the extent appropriate, the Court will consider in making this analysis the four *Daubert* factors as to each proffered opinion. *See Black*, 171 F.3d at 311-12; *Watkins*, 121 F.3d at 989. For example, at the hearing, Plaintiffs will be expected to provide for each opinion they intend to offer at trial, not only evidence that Ashley actually has expertise in the subject area, but also evidence of acceptance of or support for Ashley's opinions in the law enforcement community, copies of pertinent published materials supporting his views with an explanation of how each is relevant and, if available, quantitative or qualitative studies on the subjects, as required by Federal Rule of Evidence 702, Federal Rule of Civil Procedure 26(a)(2)(B).[9] It is therefore

**ORDERED** that Defendants' Motion to Strike Certain Opinions of Plaintiffs' expert Steven D. Ashley [*Lopez* Doc. # 129; *Ratliff* Doc. # 85; *Cory* Doc. # 81; *Sponsel* Doc. #23; *Demmler* Doc # 27; *Gilmore* Doc. # 29; *Richie* Doc. # 27; *Coello* Doc. # 40; *Veach* Doc. # 7] is **GRANTED in part, and DENIED in part.** Plaintiffs will be given an opportunity to present a new expert report as described below. It is further

**ORDERED** that, 90 days before the docket call in this case, Plaintiffs shall provide to Defendants a supplemental expert report by Ashley containing each opinion Plaintiffs seek

---

[9] In the supplemental report, each opinion shall be concise and set out in a separate numbered paragraph. Ashley also must provide to Defendants copies of the documents about himself and his opinions as required by Federal Rule of Evidence 702, Federal Rule of Civil Procedure 26(a)(2)(B), and this Memorandum.

to offer at trial and will follow the procedures outlined in this Memorandum.

SIGNED at Houston, Texas this **10th** day of **August, 2005.**

_____
Nancy F. Atlas
United States District Judge